# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-2650 PA (JCx) | Date | April 13, 2015 |
|---|---|---|---|
| Title | Helene Monetelone v. DePuy Orthopaedics, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants DePuy Orthopaedics, Inc. ("DePuy") and Johnson & Johnson (collectively "Defendants").  (Docket No. 1.)  Defendants assert that the Court has jurisdiction over this action on the basis of diversity.  See 28 U.S.C. § 1332.

## I.    Background

In the Complaint, plaintiff Helene Monetelone ("Plaintiff") alleges she underwent a total hip replacement and received a Depuy Pinnacle orthopaedic implant ("Pinnacle hip") that subsequently failed.  Plaintiff initiated this action in California state court against DePuy, Johnson & Johnson, and Dr. Thomas Schmalzried, alleging twelve causes of action: (1) negligence; (2) strict products liability - manufacturing defect; (3) strict products liability - design defect; (4) strict products liability - failure to warn; (5) strict products liability - failure to adequately test; (6) breach of express warranty; (7) breach of implied warranty of merchantability; (8) breach of implied warranty of fitness for a particular purpose; (9) fraudulent concealment; (10) intentional misrepresentation; (11) negligent misrepresentation; and (12) unlawful, unfair, and fraudulent business practices, Cal. Bus. & Prof. Code § 17200, et seq.

Defendants filed their Notice of Removal on April 09, 2015.  Although Defendants concede Dr. Schmalzried is a citizen of California - which would preclude diversity jurisdiction pursuant to 28 U.S.C. § 1441(b) - they argue Dr. Schmalzried is fraudulently joined.

## II.    Legal Standard

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2650 PA (JCx) | Date | April 13, 2015 |
|---|---|---|---|
| Title | Helene Monetelone v. DePuy Orthopaedics, Inc., et al. | | |

Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

To invoke this Court's diversity jurisdiction, Removing Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Ninth Circuit has recognized an exception to the complete diversity requirement where a defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

**III.    Analysis**

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-2650 PA (JCx) | Date | April 13, 2015 |
|---|---|---|---|
| Title | Helene Monetelone v. DePuy Orthopaedics, Inc., et al. | | |

Defendants argue that Plaintiff cannot possibly prevail against Dr. Schmalzried because (1) her claims are preempted when brought against non-manufacturers of an FDA-approved product; (2) there is no possibility that liability would be imposed on Dr. Schmalzried; and (3) Plaintiff's allegations against Dr. Schmalzried are "utterly bereft of fact."

### A.       Federal Preemption

Defendants first argue that Plaintiff's claims premised on a failure to warn are preempted pursuant to PLIVA, Inc. v. Mensing, 131 S. Ct. 2567, 180 L. Ed. 2d 580 (2011).  In Mensing, the U.S. Supreme Court held that because generic manufacturers of pharmaceuticals approved by the Food and Drug Administration ("FDA") have no power to unilaterally effectuate a label change – being instead required by law to use the same label and warnings as those approved by the FDA with respect to the brand-name version of the drug – the plaintiffs' state law claims premised on a failure to warn theory were preempted.  Defendants seek to extend the holding of Mensing well beyond generic manufacturers of pharmaceuticals, to designers of medical products who allegedly played an integral role in the marketing of the product.  The theory of Plaintiff's Complaint, fairly read, is that Dr. Schmalzried, as designer of the Pinnacle Hip, failed to warn users *and* Defendants of known risks of the design.  Unlike the generic drug manufacturers in Mensing, "taking [Plaintiff's] allegations as a whole and resolving all ambiguities in Plaintiff's favor, it is possible that Dr. Schmalzried had a substantial ability to influence the manufacturing or distribution of the Pinnacle Hip."  Shelton v. DePuy Orthopaedics, Inc., 2011 U.S. Dist. LEXIS 138246, at *9-11 (C.D. Cal. Dec. 1, 2011) (remanding for no fraudulent joinder under California law).  Thus, Dr. Schmalzried's control over the content of the warnings is qualitatively different from that of the generic manufacturers in Mensing, who by law were required to duplicate the warnings already approved by the FDA.  No such obligation, however, is placed by law on Dr. Schmalzried.  Thus, Plaintiff's claims are not preempted pursuant to Mensing.

### B.       Strict Products Liability

Under California law, strict products liability "extends to nonmanufacturing parties outside the vertical chain of distribution of a product, which play an integral role in the 'producing and marketing enterprise' of a defective product and who profit from placing the product into the stream of commerce."  Bay Summit Cmty. Ass'n v. Shell Oil Co., 51 Cal. App. 4th 762, 773, 59 Cal. Rptr. 2d 322 (1996) (quoting Kasel v. Remington Arms Co., 24 Cal. App. 3d 711, 724, 101 Cal. Rptr. 314 (1972)).  "In applying this stream of commerce theory, the courts have eschewed legal labels and have taken a very practical approach, focusing on the actual connection between the defendant's activities and the defective product."  Bay Summit, 51 Cal. App. 4th at 774.

Specifically, California courts have held a defendant involved in the marketing/distribution process "strictly liable if three factors are present: (1) the defendant received a direct financial benefit from its activities and from the sale of the product; (2) the defendant's role was integral to the business enterprise such that the defendant's conduct was a necessary factor in bringing the product to the initial consumer market; and (3) the defendant had control over, or a substantial ability to influence, the manufacturing or distribution process."  Id. at 776.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2650 PA (JCx) | Date | April 13, 2015 |
|---|---|---|---|
| Title | Helene Monetelone v. DePuy Orthopaedics, Inc., et al. | | |

The Complaint alleges that Dr. Schmalzried "designed . . . marketed, assembled, sold and/or distributed the DePuy Pinnacle Hip . . . ." (Compl. ¶ 9.) Moreover, Defendants submit a declaration by Dr. Schmalzried in which he confirms that he played at least a direct consulting role in the development and marketing of the Pinnacle Hip. (See Notice of Removal, Ex. 1 (Declaration of Dr. Schmalzried) ¶¶ 3-4 ("I was one of eight surgeons selected by DePuy who provided assistance to DePuy with the design of the Pinnacle [Hip.] . . . [I also contributed to a sales] brochure [by providing] a general education summary (including references to thirty four scientific and medical articles as support for the data in this summary)[.]").) Construing these allegations and facts in the light most favorable to Plaintiff, a trier of fact could find that Dr. Schmalzried benefitted financially from his role in the design and marketing of the Pinnacle Hip, that his representations and input were integral to bringing the product to the consumer market, and that he had an ability to influence the manufacturing or distribution process. Accord Shelton v. DePuy Orthopaedics, Inc., 2011 U.S. Dist. LEXIS 138246, at *10-11 (C.D. Cal. Dec. 1, 2011) ("Finally, taking these allegations as a whole and resolving all ambiguities in [p]laintiff's favor, it is possible that Dr. Schmalzried had a substantial ability to influence the manufacturing or distribution of the Pinnacle Hip. Dr. Schmalzried allegedly played an important role in the design and promotion of the product, as evidenced by his significant involvement in promotional materials and substantial royalty payments.").

Defendants submit a declaration from Dr. Schmalzried stating that he was merely one of eight physicians who acted as consultants in the design process. If true, this might affect whether Dr. Schmalzried may be held liable to Plaintiff under California law. It is not the role of this Court, however, to resolve factual disputes of this nature when determining the propriety of removal. It is enough that the Complaint itself plausibly alleges that Dr. Schmalzried designed the Pinnacle Hip and failed to adequately warn of defects in that design. Accordingly, Defendants have failed to meet their burden to demonstrate that Dr. Schmalzried is fraudulently joined.

**C.      Whether the Complaint is "bereft of fact"**

Finally, Defendants argue "even if liability against Dr. Schmalzried were theoretically possible, [P]laintiff's Complaint does not include any allegations that are specifically directed at Dr. Schmalzried, further evidencing that he was fraudulently joined." (Notice of Removal ¶ 39.)

Defendants cite to Shah v. Wyeth Pharm., Inc., No. CV 04-8652 DT MANX, 2005 WL 6731641, at *3 (C.D. Cal. Jan. 18, 2005) to support their conclusion that allegations against defendants collectively are insufficient to warrant remand "especially when Plaintiffs fail to allege any 'particular or specific activity' on the part of each of the non-diverse defendants." Id. (citing Badon v. RJR Nabisco Inc., 224 F.3d 382, 391–92 (5th Cir. 2000).

In Shah, however, the court noted that the plaintiffs "essentially admit that the Complaint, as currently pled, does not contain sufficient facts to state [their claims]" against the non-diverse defendants. Id. Here, Plaintiff has alleged sufficient facts against Dr. Schmalzried to state a claim. For

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2650 PA (JCx) | Date | April 13, 2015 |
|---|---|---|---|
| Title | Helene Monetelone v. DePuy Orthopaedics, Inc., et al. | | |

example, the Complaint alleges Dr. Schmalzried designed the Pinnacle Hip and the "Defendants, each of them, owed Plaintiff a duty to exercise reasonable care in the testing, manufacturing, designing . . . marketing . . . selling and/or distributing of the DePuy Pinnacle Hip . . . ." (Complaint ¶¶ 9, 17.) Plaintiff's Complaint also claims the defendants, including Dr. Schmalzried, supplied false information that the implant was safe and effective and that Plaintiff justifiably relied on this material information to her detriment. (Complaint ¶¶ 72-79.) "[U]nder California law, a pleading is adequate so long as it apprises the defendant of the factual basis for the plaintiff's claim." Hatherley v. Pfizer, Inc., No. CIV. 2:13-00719 WBS, 2013 WL 3354458, at *8 (E.D. Cal. July 3, 2013) (internal quotation marks and citations omitted).

The Court finds that Defendants have not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on any of her claims against Dr. Schmalzried. Thus, neither the Complaint nor the evidence submitted in support of the Notice of Removal forecloses the possibility of Plaintiff succeeding, at a minimum, on her liability claims. Nor have Defendants satisfied their burden to establish that Plaintiff would not be granted leave to amend to cure any purported deficiency.

### D.    Amount in Controversy

Additionally, Defendants have not met their burden to establish that the amount in controversy exceeds $75,000. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090–91. "[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

The Complaint is silent as to the amount of damages Plaintiff seeks. Therefore, it is incumbent on Defendants to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy is satisfied. Id. Defendants have not met their burden. The Notice of Removal, citing to three cases outside the Ninth Circuit, asserts that the jurisdictional threshold has been met because "it is widely recognized that personal-injury claims facially meet the $75,000 jurisdictional threshold." (Notice of Removal ¶ 43.) However, Defendants' reliance on other cases is not sufficient to establish the requisite amount in controversy by a preponderance of the evidence. In particular, Defendants do not explain how the facts of this case are factually similar to the cases they cite in support of their contention. Accordingly, Defendants have not established the requisite amount in controversy by a preponderance of the evidence. See Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2650 PA (JCx) | Date | April 13, 2015 |
|---|---|---|---|
| Title | Helene Monetelone v. DePuy Orthopaedics, Inc., et al. | | |

sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages.").

Accordingly, Defendants have failed to meet their burden on removal to demonstrate by a preponderance of the evidence that the amount in controversy requirement is met.

**Conclusion**

For the reasons stated above, this Court determines that Defendants have failed to establish subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  Accordingly, the Court remands this action to the Superior Court of the State of California for the County of Los Angeles, Central District, Case No. BC574320 for lack of subject matter jurisdiction.

IT IS SO ORDERED.

**JS-6**